# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:20-CV-00124-GCM-DCK

| | |
|---|---|
| RICHARD LYNAL FLACK,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br><br>Defendant. | ORDER |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment (ECF Doc. 12) and Defendant's Motion for Summary Judgment (ECF Doc. 14), as well as the parties' briefs and exhibits.

Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment; grant Defendant's Motion for Summary Judgment; and affirm the Commissioner's decision.

## I.     PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs. Plaintiff filed this action on May 26, 2020. He argues the ALJ erred in that the ALJ failed to provide an accurate and logical bridge between the evidence presented and the ALJ's conclusion that Plaintiff's subjective claims were not supported by the record. Plaintiff further argues the ALJ erred by failing to give weight to the vocational expert's testimony that all employment would be eliminated for an individual who would have interruptions from the work station, or the workplace, as needed

and in the individual's sole discretion. Any additional relevant facts are set forth in the discussion section below.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); see also *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, the Fourth Circuit noted that "[s]ubstantial evidence has been defined as being 'more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson*, 402 U.S. at 401); *see also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see*

*also Schweiker*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome, so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

If a claimant is found to be disabled,[1] the agency must periodically review whether the claimant's medical records demonstrate continued entitlement to disability insurance benefits. 20 C.F.R. § 404.1594(a). The agency must determine if there has been any medical improvement in the claimant's impairment(s) and, if so, whether the medical improvement is related to the claimant's ability to work. *Id.* In evaluating whether a claimant is still entitled to benefits, the agency conducts an eight-step sequential evaluation process. *Id.* § 404.1594(f). Here, prior to step seven of the sequential evaluation process, the ALJ assessed Plaintiff's residual functional capacity ("RFC")[2] and found Plaintiff could perform medium work except that he could "occasionally climb ladders, ropes, and scaffolds" and should "avoid concentrated exposure to hazards such as unprotected heights and dangerous machinery." Tr. at 20. At step seven, the ALJ concluded Plaintiff could not perform past relevant work. *Id.* at 24. However, at step eight, the ALJ found that since February 1, 2016, Plaintiff could perform a significant number of jobs in the national economy, and his disability had ended on February 1, 2016. *Id.* at 24–25.

Plaintiff first argues that the ALJ erred because he failed to provide an accurate and logical bridge between Plaintiff's testimony and the ALJ's conclusion that Plaintiff's testimony regarding

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

[2] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

his symptoms was not entirely consistent with the objective medical evidence and other evidence. An RFC assessment must include a narrative describing how the evidence supports each conclusion and must "build an accurate and logical bridge" from the evidence to the ALJ's conclusion. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). Such narrative should also discuss the evidence the ALJ found credible and why the ALJ found that evidence credible. *Id.* Remand may be appropriate when "an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 188 (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). However, the ALJ is not required to discuss every piece of evidence in formulating the RFC. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865–66 (4th Cir. 2014).

The Court has carefully reviewed the record, the authorities, and the parties' arguments. The ALJ thoroughly discussed his conclusion that Plaintiff's statements were not consistent with the objective medical evidence and other evidence. Tr. at 20–24. The ALJ's decision contains extensive discussion regarding the objective evidence on the record, discussion regarding the relevant symptoms to which Plaintiff testified, discussion regarding Plaintiff's daily activities, and explanations regarding the evidence the ALJ found credible and why he found that evidence credible. The ALJ's analysis does not frustrate meaningful review, and it is supported by substantial evidence.

Turning to Plaintiff's second assignment of error, Plaintiff argues the ALJ erred in failing to credit the vocational expert's testimony that all employment would be eliminated for an individual who would have interruptions from the work station, or the workplace, as needed and in the individual's sole discretion. A vocational expert's opinion must be based on a consideration

of all the evidence in the record and must be in response to a proper hypothetical question setting forth the claimant's impairments. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Here, based on his review of all the evidence in the record, the ALJ did not conclude that Plaintiff would need to have interruptions from the work station, or the workplace, as needed and in the individual's sole discretion. *See* Tr. 20–25. The ALJ was not required to give weight to the opinion of the vocational expert that all employment would be eliminated for an individual who would have interruptions from the work station, or the workplace, as needed and in the individual's sole discretion, because such a hypothetical was not based on claimant's found impairments or the record, as set forth in the ALJ's decision. The ALJ concluded that Plaintiff had been able to perform a significant number of jobs in the national economy since February 1, 2016, and the Court concludes the ALJ's decision was based on substantial evidence.

IV. **ORDER**

**IT IS THEREFORE ORDERED**:

1. Plaintiff's Motion for Summary Judgment (ECF Doc. 12) is **DENIED**; Defendant's Motion for Summary Judgment (ECF Doc. 14) is **GRANTED**; and the Commissioner's decision is **AFFIRMED**;
2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: April 29, 2021

Graham C. Mullen
United States District Judge